**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fernanda VILLALOBOS, also known as Fernanda Velderrain Loreto, Defendant–Appellant.**

**No. 07–30111.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 19, 2008.

Helen J. Brunner, Esq., Susan B. Dohrmann, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Carol A. Koller, Esq., Federal Public Defender's Office Western District of

Washington Seattle, WA, for Defendant–Appellant.

Before: FISHER, GOULD and IKUTA, Circuit Judges.

### MEMORANDUM *

Fernanda Villalobos ("Villalobos") challenges the district court's refusal to allow her proposed character witness, Dr. Marshall–Inman, to testify during her trial for embezzlement. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The record is ambiguous as to which of the Federal Rules of Evidence the district court considered in excluding Dr. Marshall–Inman's testimony. We need not resolve the ambiguity nor whether the district court erred, however, because any error was harmless given the substantial circumstantial evidence of embezzlement. *See United States v. Diaz,* 961 F.2d 1417, 1419–20 (9th Cir.1992). Although "in some circumstances" character testimony alone "may be enough to raise the reasonable doubt of guilt," *Michelson v. United States,* 335 U.S. 469, 476, 69 S.Ct. 213, 93 L.Ed. 168 (1948), that is not the case here. Dr. Marshall–Inman's testimony would not have supported Villalobos' unsubstantiated suggestion that another actor altered the teller tapes nor likely overcome all of the questionable transactions that occurred on Villalobos' teller machine, particularly when Villalobos was caught on camera at her work station during one of those transactions. Accordingly, we affirm Villalobos'

conviction because "it is more probable than not" that the decision to omit the doctor's testimony "did not materially affect the verdict." *United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997).

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.